UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-08-564 |
| | § | |
| ALEJANDRO GARCIA JIMENEZ; aka GARCIA | § | |

### ORDER DENYING
### MOTION FOR IMMEDIATE DEPORTATION

On this day came on to be considered Defendant Alejandro Jiminez Garcia's Motion for Immediate Deportation. (D.E. 42.) For the reasons stated herein, Defendant's Motion is DENIED. (D.E. 42.)

**I.     Factual and Procedural Background**

On September 24, 2008 Garcia pleaded guilty to Count 1 of his indictment, possession with intent to distribute approximately 23.6 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). (D.E. 17.) This Court sentenced Garcia on January 16, 2009 (D.E. 24), and judgment was entered against him on January 22, 2009. (D.E. 27.) Garcia timely appealed, and the Fifth Circuit affirmed. (D.E. 39, 40.) He has not filed any other post-conviction motion until now. In the motion presently before the Court, Garcia requests that the Court issue an order requiring that he be deported prior to the completion of his sentence, citing 8 U.S.C. § 1252(h)(2)(A). (D.E. 42.)

**II.    Discussion**

As noted above, Garcia relies upon 8 U.S.C. § 1252(h) and requests that the Court begin immediate deportation proceedings. (D.E. 42.) The provision on which he relies

has been re-codified at 8 U.S.C. § 1231(a)(4). Accordingly, this Court will treat his motion as being brought pursuant to 8 U.S.C. § 1231(a)(4).

Title 8, United States Code, Section 1231(a)(4) states the general rule that the United States Attorney General may not remove[1] a convicted alien until the alien has completed his sentence of imprisonment. 8 U.S.C. § 1231(a)(4)(A).[2] An exception to the rule is found at § 1231(a)(4)(B)(i), which allows the Attorney General to remove an alien before his sentence is completed, under limited specified circumstances. Specifically, the Attorney General may remove a federal prisoner prior to completion of his sentence if he is "confined pursuant to a final conviction for a nonviolent offense (other than an offense related to smuggling or harboring of aliens or an offense described in section 1101(a)(43)(B), (C), (E), (I), or (L) of this title)" and "removal of the alien is appropriate and in the best interest of the United States." 8 U.S.C. § 1231(a)(4)(B)(i). Under the pertinent statutory scheme, then, the Attorney General has some limited authority and the discretion to order deportation before the completion of the alien's sentence.

The statute also expressly states, however, that it does not provide a private cause of action:

> (D) No private right
>
> No cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien.

8 U.S.C. § 1231(a)(4)(D).

---

[1] The term "removal" is used in the statute to denote what was previously referred to as "deportation."
[2] Section 8 U.S.C. § 1231(a)(4)(A) provides: "Except as provided in section 259(a) of Title 42 and paragraph (2), the Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment. Parole, supervised release, probation, or possibility of arrest or further imprisonment is not a reason to defer removal."

Because the decision to seek early deportation under the permissible statutory circumstances lies with the Attorney General, and because there is no private right of action under the statute, this Court concludes that Garcia's motion must be denied. The Fifth Circuit, in an unpublished decision, has stated that "Section 1231 does not provide a private right of action to compel the release or removal of an alien." Martinez-Lopez v. United States, 254 F.3d 70, 2001 WL 502504, at *1 (5th Cir. Apr. 23, 2001) (citing 8 U.S.C. § 1231(a)(4)(D)). Other circuits are in agreement with the conclusion that an alien may not bring a motion seeking early deportation. See, e.g., United States v. Marin-Castaneda, 134 F.3d 551, 556 (3d Cir.), cert. denied, 523 U.S. 1144 (1998) ("[T]he statute vests the Attorney General, not the district court, with the authority to curtail a prison sentence for the purpose of deportation. . . . [A] district court cannot sua sponte issue a deportation order without a request from the United States Attorney."); Thye v. United States, 109 F.3d 127, 128-29 (2d Cir. 1997) (per curiam) ("[Section] 1252(h)(2)(A) does not create a private right of action that would allow a party to compel the Attorney General to act . . . ."); United States v. Aispuro, 127 F.3d 1133, 1134 (9th Cir.1997) ("The district court lacked jurisdiction to order Aispuro deported because the United States Attorney did not request Aispuro's deportation."); Haddad v. United States Attorney General, 194 F.3d 1312, 1999 WL 1023980, *1 (6th Cir.1999) (8 U.S.C. § 1252(h) "does not create a private right of action to force the Attorney General to begin deportation proceedings").

### III.  Conclusion

For the foregoing reasons, Garcia's Motion for Immediate Deportation is DENIED.  (D.E. 42.)

SIGNED and ORDERED this 25th day of March, 2011.

_____
Janis Graham Jack
United States District Judge